IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

THE HAGERTY GROUP, LLC,

    *Plaintiff,*

            v.

JOHN DOE,

    *Defendant.*

CASE NO.

## COMPLAINT AND DEMAND FOR JURY TRIAL

FOR ITS COMPLAINT in this matter, Plaintiff, The Hagerty Group, LLC, by and through its attorneys, Revision Legal, PLLC, states as follows:

### INTRODUCTION

1.  This is an action for cybersquatting against one or more unknown individuals who have unlawfully registered, used, and trafficked in domain names containing Plaintiff's valuable, famous, and distinctive trademarks, and confusingly similar variations thereof, with the bad faith intent to profit.

### PARTIES AND JURISDICTION

2.  Plaintiff The Hagerty Group LLC ("Plaintiff") is a limited liability company organized under the laws of the State of Delaware with a principal place of business at 141 River's Edge Drive, Suite 200, Traverse City, MI 49684.

3.  Plaintiff is a wholly owned subsidiary of Hagerty, Inc., a Delaware corporation that is publicly traded on the New York Stock Exchange under ticker symbol HGTY.

1

4.     Plaintiff is ignorant of the true name and capacity of the individual(s) responsible for the theft of the domain names described herein and, therefore, references this individual, or these individuals collectively, by the fictitious name "John Doe" ("Defendant").

5.     The Court has subject matter jurisdiction over Plaintiff's claims pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338.

6.     This Court has personal jurisdiction over Defendant where they have purposely availed themselves of the privilege of acting in Michigan; Defendant committed intentionally tortious actions expressly aimed at a limited liability company headquartered in Traverse City, Michigan, which has caused harm to Plaintiff in Michigan and said harm was known by Defendant to be likely to be suffered by Plaintiff in Michigan; Defendant's actions were expressly aimed at and in the State of Michigan; and where Defendant's acts and/or consequences have a substantial enough connection with Michigan to make the exercise of jurisdiction reasonable. The exercise of jurisdiction over Defendant does not offend traditional notions of fair play and substantial justice.

## FACTS

### Plaintiff's Business and History

7.     Plaintiff is the world's largest insurer of classic and exotic automobiles, boats, and motorcycles.

8.     Plaintiff was founded in 1973 and since that time has provided its insurance services in the United States, Canada, the United Kingdom, and the European Union.

9.     In combination with its insurance services, Plaintiff also provides various tools, products, and informational services to classic and exotic automobile, boat, and motorcycle

enthusiasts. For example, Plaintiff provides the Hagerty Valuation Tools®, which provide enthusiasts with an interactive database and a measure of the value of their vehicles.

10.    Plaintiff also provides informational services, including articles, videos, and popular magazines; automotive club services, including flatbed towing, dispatch, priority support, and subscriptions to Hagerty's informational products and services; and mobile software applications that help users value classic and exotic automobiles.

11.    Plaintiff provides many of its services, such as its insurance services, club services, valuation services, and informational services, and sells many of its goods, such as its clothing items, through its primary website located at <hagerty.com>.

12.    Plaintiff owns common law and registered trademark rights in and more than twenty-five (25) trademarks containing the formative HAGERTY in the United States, Canada, and the EU. A summary of those marks is attached as **Exhibit 1**.

13.    Among the many other marks owned by Plaintiff and included in the attached Exhibit 1, Plaintiff owns registrations in the United States for:

    a.    HAGERTY (U.S. Reg. No. 3724455) for, *inter alia*, "Insurance services, namely, insurance underwriting and administration services in the fields of motor vehicle, marine, and collectable items"; and

    b.    HAGERTY INSIDER (U.S. Reg. No. 5544851) for "Downloadable mobile applications for providing the valuation of and auction listings and data concerning classic and exotic automobiles, boats, and motorcycles."

14.    Plaintiff also has a pending trademark application for HAGERTY MARKETPLACE (U.S. Serial No. 98150819) for, *inter alia*, "Providing a website featuring auction services; on-line auction services."

15.    Plaintiff has used the HAGERTY MARKETPLACE mark in commerce since November 3, 2022 and owns common law rights in same.

16.    Plaintiff has also used the trademark HAGERTY RADIUS to offer club services and printed members-only magazines aimed at classic car collectors since July of 2021 and owns common law rights in same.

17.    Plaintiff has continuously and exclusively used its HAGERTY trademark in association with insurance services for over fifty (50) years.

18.    Plaintiff has continuously and exclusively used its HAGERTY trademark in association with printed products for seventeen (17) years.

19.    Plaintiff has continuously and exclusively used its HAGERTY trademark in association with club services for sixteen (16) years.

20.    Plaintiff has continuously and exclusively used its HAGERTY trademark in association with website informational services for twenty-seven (27) years.

21.    Plaintiff has continuously and exclusively used its HAGERTY trademark in association with clothing items for twenty-eight (28) years.

22.    Plaintiff has continuously and exclusively used its HAGERTY trademark in association with emergency automobile towing for sixteen (16) years.

23.    Plaintiff registered the domain name <hagerty.com> on July 28, 1995 (the "Domain Name"), and it has published its website, and used its HAGERTY trademark, at the Domain Name for twenty-seven (27) years.

24.    HAGERTY is inherently distinctive or, in the alternative, has become distinctive by acquiring secondary meaning through Plaintiff's longstanding use of the HAGERTY

trademark, and other HAGERTY-formative trademarks, in commerce in association with insurance services and related goods and services.

25.    HAGERTY has become famous through Plaintiff's longstanding use of the HAGERTY trademark, and other HAGERTY-formative trademarks, in commerce in association with insurance services and related goods and services.

**Defendant's Unlawful Actions**

26.    Earlier this year, Plaintiff became aware of a host of domain names that use Plaintiff's HAGERTY trademark or feature minor misspellings of Plaintiff's formative HAGERTY mark, sometimes in conjunction with other words germane to Plaintiff's business such as "auctions" and "insurance" (collectively "Subject Domains").

27.    None of the Subject Domains are owned by Hagerty.

28.    All the Subject Domains are identical or confusingly similar to Plaintiff's HAGERTY trademark .

29.    All the Subject Domains are registered with GoDaddy.com LLC ("GoDaddy"), a popular domain registrar accredited by ICANN (the Internet Corporation for Assigned Names and Numbers). **Exhibit 2**, WHOIS Records.

30.    The Subject Domains and the current content displayed at each domain is listed below:

    a.    Hagertyf.com: this domain contains malware;

    b.    Hagserty.com: this domain also contains malware;

    c.    Hagertyjobs.com: this domain is currently parked with search advertisements that are directly competitive to Plaintiff's insurance services;

    d.    Hagertyinsurance.ai: this domain is currently parked with search advertisements that are directly competitive to Plaintiff's insurance services;

e.  Hagertyauctions.com: this domain is currently parked with search advertisements that are directly competitive to Plaintiff's insurance services;

f.  Radiusbyhagerty.com: this domain is currently parked search advertisements that are directly competitive to Plaintiff's insurance services;

g.  Nhagerty.com: this domain is currently parked with search advertisements that are directly competitive to Plaintiff's insurance services;

h.  Jhagerty.com: this domain is currently parked with search advertisements that are directly competitive to Plaintiff's insurance services;

i.  Hagertyins.com: this domain does not have anything published on it at present, but it contains Plaintiff's HAGERTY mark and the abbreviation "ins," indicating the provision of insurance services and has, as recently as June of 2024, hosted related search advertisements that are directly competitive to Plaintiff's insurance services;

j.  Hagertyy.com: this domain features pay-per-click advertisements that are directly competitive to Plaintiff's insurance services;

k.  Hagerfy.com: this domain contains malware; and

l.  Hagertagent.com: this domain contains malware;

31.    The Subject Domains that contain malware—namely, hagertyf.com, hagserty.com, hagerfy.com, and hagertagent.com—each pose a risk to Plaintiff's customers and potential customers who may mistakenly visit these Subject Domains given their use of confusingly similar names to the HAGERTY trademark and unwittingly download malware, harming their computer and their opinion of Plaintiff.

32.    The Subject Domains that display competitive search advertisements—namely,

hagertyjobs.com, hagertyinsurance.ai, hagertyauctions.com, radiusbyhagerty.com,

nhagerty.com, and jhagerty.com—each infringe upon Plaintiff's trademark rights because

Plaintiff's customers and potential customers, who may mistakenly visit these Subject

Domains due to their confusing similarity to the HAGERTY trademark, may click on the

advertisements displayed at them (as shown in Figure F.1 below) and be redirected to

services identical to and competitive with Plaintiff's services, but offered by third parties

(as shown in Figure F.2 below).

*Figure F.1*



7

*Figure F.2*



33.    Hagertyy.com, which displays pay-per-click ads for automobile insurance (as shown in

Figure F.3 below), infringes upon Plaintiff's HAGERTY mark because Plaintiff's

customers and potential customers who may mistakenly visit this Subject Domain due to

its confusing similarity to the HAGERTY trademark arrive at a list of paid

advertisements for services identical to and competitive with Plaintiff's services, but

offered by third parties.

*Figure F.3*



34.    The owners, or "registrants," of all the Subject Domains are unknown to Plaintiff because

all the registrants use a WHOIS privacy protection service to mask their names,

addresses, and contact information. **Exhibit 2**, WHOIS Records.

35.    All the Subject Domains were registered with a bad faith intent to profit from Plaintiff's

HAGERTY trademark.

36.    Plaintiff has not licensed or otherwise authorized any of the Subject Domains to use its

HAGERTY trademark or a confusingly similar variation thereof.

## COUNT I
## Cybersquatting Under the Anticybersquatting Consumer Protection Act
## 15 U.S.C. § 1125(d)

37.    Plaintiff relates and incorporates the preceding paragraphs as though fully restated herein.

38.    Plaintiff is the owner of exclusive rights in and to the HAGERTY trademark for use in

association with providing insurance services.

39.    The Subject Domains are confusingly similar to the HAGERTY trademark in the following

ways:

a. Hagertyf.com adds one single letter "f" to the HAGERTY trademark along with the top-level domain ".com";

b. Hagserty.com adds one single letter "s" to the HAGERTY trademark along with the top-level domain ".com";

c. Hagertyjobs.com uses the complete HAGERTY trademark and adds the generic word "jobs" and along with the top-level domain ".com";

d. Hagertyinsurance.ai uses the complete HAGERTY trademark and adds the generic word "insurance," which is Plaintiff's primary industry and offered service under the HAGERTY trademark along with the top-level domain ".ai";

e. Hagertyauctions.com uses the complete HAGERTY trademark and adds the generic word "auctions," which is one of Plaintiff's offered services under its registered HAGERTY INSIDER trademark and common law HAGERTY MARKETPLACE trademark, along with the top-level domain ".com";

f. Radiusbyhagerty.com uses the complete HAGERTY trademark and adds the generic words "by radius," which is confusingly similar to one of Plaintiff's common law trademarks HAGERTY RADIUS, along with the top-level domain ".com";

g. Nhagerty.com adds one single letter "n" to the HAGERTY trademark along with the top-level domain ".com";

h. Jhagerty.com adds one single letter "j" to the HAGERTY trademark along with the top-level domain ".com";

i. Hagertyins.com uses the complete HAGERTY trademark and adds "ins," an abbreviation for the generic word "insurance," which is Plaintiff's primary

industry and offered service under the HAGERTY trademark, or "insider," which

makes up a portion of Plaintiff's registered HAGERTY INSIDER trademark,

along with the top-level domain ".com";

j. Hagertyy.com adds one single letter "y" to the HAGERTY trademark along with

the top-level domain ".com";

k. Hagerfy.com uses a single letter misspelling of the HAGERTY trademark,

replacing the "t" in "Hagerty" with an "f," along with the top-level domain

".com";

l. Hagertagent.com omits one single letter "y" from the HAGERTY trademark and

adds the generic word "agent," a common word in the insurance industry, which

is Plaintiff's primary industry, along with the top-level domain ".com."

40.    Defendant registered, used, and trafficked in the Subject Domains with a bad faith intent

to profit from the use of Plaintiff's HAGERTY trademark.

41.    Plaintiff's HAGERTY trademark was distinctive at the time of Defendant's registration,

use, and trafficking in the Subject Domains.

42.    Plaintiff's HAGERTY trademark was registered at the time of Defendant's registration,

use, and trafficking in the Subject Domains.

43.    Plaintiff's HAGERTY trademark was famous at the time of Defendant's registration, use,

and trafficking in the Subject Domains.

44.    Plaintiff's HAGERTY RADIUS mark was in use by Plaintiff and distinctive at the time of

Defendant's registration, use, and trafficking in the radiusbyhagerty.com domain name.

45.    Plaintiff's HAGERTY INSIDER trademark was distinctive at the time of Defendant's

registration, use, and trafficking in the hagertyauctions.com domain name.

46.  Plaintiff's HAGERTY INSIDER trademark was registered at the time of Defendant's registration, use, and trafficking in the hagertyauctions.com domain name.

47.  Defendant has registered, used, and trafficked in the Subject Domains with knowledge of Plaintiff's registered and common law trademark rights in the name HAGERTY.

48.  Defendant does not have any intellectual property rights or any other rights in Plaintiff's HAGERTY trademark, HAGERTY INSIDER trademark, HAGERTY RADIUS trademark, or the Domain Name.

49.  Defendant registered, used, and trafficked in the Subject Domains with the intent to divert users from Plaintiff to Defendant for Defendant's own commercial gain, namely, to divert customers from Plaintiff to Defendant by creating a likelihood of confusion as to the source, sponsorship, or endorsement of Defendant's website.

50.  Defendant's registration, use, and trafficking in the Subject Domains constitutes cybersquatting in violation of 15 U.S.C. § 1125(d), entitling Plaintiff to relief.

51.  By reasons of Defendant's acts alleged herein, Plaintiff is entitled to statutory damages of up to $100,000 per infringing domain name pursuant to 15 U.S.C. § 1117(d).

52.  By reasons of Defendant's acts alleged herein, Plaintiff is entitled to transfer of the Subject Domains into its possession consistent with 15 U.S.C. § 1125 (d)(1)(C).

53.  By reasons of Defendant's acts alleged herein, Plaintiff's remedy at law is not adequate to compensate it for the injuries inflicted by Defendant. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

54.  By reason of Defendant's acts alleged herein, Plaintiff is entitled to recover the costs of the action.

55.     This an exceptional case, making Plaintiff eligible for an award of attorney's fees under 15

U.S.C. § 1117.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment as follows:

A.  That the Court order the transfer of the Subject Domains to Plaintiff;

B.  That the Court award Plaintiff statutory damages of $100,000 per infringing domain name;

C.  That the Court award Plaintiff its attorneys' fees and costs; and

D.  That the Court grant Plaintiff all other relief to which it is entitled and such other or

additional relief as is just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all matters triable as of right in the instant cause

of action.

Respectfully submitted this ___ day of November 2024.


By:      _____
         John Di Giacomo
         Revision Legal, PLLC
         444 Cass St.
         Suite D
         Traverse City, MI 49684
         T: (231) 714-0100
         F: (231) 714.0200
         john@revisionlegal.com